**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**MARISSA KETCHUM**                                                                          **PLAINTIFF**

**v.**                                             **CIVIL ACTION NO. 1:25-CV-44-MPM-DAS**

**DOLLAR GENERAL CORPORATION**
**A/K/A DOLGENCORP, LLC**                                                      **DEFENDANT**

**ORDER STAYING CASE**

On June 11, 2025, the parties filed a joint motion requesting a stay of this case "pending further discussions between the parties about potential for settlement and the potential arbitration of Plaintiff's claims." Doc. 9.

"A district court has inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (referring to power to stay proceedings as incident to such inherent powers)). However, a discretionary stay may not be of an "immoderate or of an indefinite duration." *Id*. (quoting *McKnight*, 667 F.2d at 479). Rather, "a stay must be 'so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description.'" *Wedgeworth v. Fibreboard Corporation*, 706 F.2d 541, 545 (5th Cir. 1983) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 257 (1936)).

For the reasons requested in the joint motion, the court finds all proceedings in this case should be stayed for 60 days until August 11, 2025, at which time the parties are ordered to file a joint status report advising the court as to the status of this matter. All disclosure requirements and discovery are hereby stayed until August 11, 2025.

**SO ORDERED**, this the 12th day of June, 2025.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**